# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| MAURICE JUNG, et al., <br><br> Plaintiffs, <br><br> v. <br><br> BAC HOME LOANS SERVICING, LP, et al., <br><br> Defendants. | 2:10-CV-2236 JCM (GWF) |

**ORDER**

Presently before the court is defendant BAC Home Loans Servicing, LP,'s motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, a request for an order for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e). (Doc. # 9). Plaintiffs Maurice Jung, et al, filed an opposition. (Doc. # 11). Defendants filed a reply in support of the motion. (Doc. # 15).

Plaintiffs Maurice Jung, Alonia Morris, Shari Young and William Young's (collectively "plaintiffs") complaint stems from the defendant's purchase of reverse mortgages in plaintiffs' respective properties. The essence of the plaintiffs' complaint alleges that the defendant engaged in improper conduct regarding the presentation, sale and maintenance of these loan agreements. Further, the complaint alleges that, as a result of defendant's conduct, plaintiffs are experiencing difficulty paying their mortgages and, as such, their homes are in danger of foreclosure.

The plaintiffs' complaint contains claims for relief against the defendant for: (1) declaratory

**James C. Mahan**
**U.S. District Judge**

relief, (2) injunctive relief, (3) breach of contract, (4) breach of good faith and fair dealing, (5) breach of fiduciary duty, (6) fraud in the inducement, (7) violation of 24 C.F.R.§ 206.31 regarding origination fees, (8) deceptive trade practices, (9) negligent misrepresentation, (10) elder exploitation, (11) quiet title under NRS 40.010, and (12) unjust enrichment and imposition of constructive trust.  The defendant seeks to dismiss all claims for relief with the exception of the seventh (7) claim (24 C.F.R. § 206.31 violation), for which defendant seeks a motion for a more definite statement.

**Motion to Dismiss (Doc. # 9)**

Federal Rule of Civil Procedure 8 requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and "demands more than an unadorned, the-defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal,* 129 S. Ct. 1937 (2009). To survive a motion to dismiss, plaintiffs' complaint must "contain sufficient factual matter accepted as true, to 'state a claim to relief that is plausible on its face,'" and must not consist of "'naked assertion[s]' devoid of 'further factual enhancement'." *Id.* at 1949, *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007). Further, "a claim must be stated clearly enough to provide each defendant a fair opportunity to frame a responsive pleading." *McHenry v. Renne,* 84 F.3d 1172, 1176 (9th Cir. 1996).

**Claims (1) and (2)–Declaratory and Injunctive Relief**

Both declaratory and injunctive relief are forms of available remedies. *See, e.g., In re Wal-Mart Wage & Hour Employment Practices Litig.,* 490 F. Supp. 2d 1091, 1130 (D. Nev. 2007).  As the defendant asserts, and this court agrees, neither is an independent claim for relief. *See, e.g., Stock West, Inc. v. Confederated Tribes of Coville Reservations*, 873 F.2d 1221, 1225 (9th Cir. 1989). As such, plaintiffs are not entitled to such relief at this juncture.

**Claim (3)–Breach of Contract**

To state a claim for breach of contract, the plaintiffs must allege: (1) the existence of a valid agreement between the plaintiffs and the defendant; (2) a breach by the defendant; and (3) damages as a result of the breach. *Calloway v. City of Reno,* 993 P.2d 1259 (Nev. 2000).  Plaintiffs allege that

1  the defendant breached the loan agreements/contracts by failing to adequately or accurately disclose
2  various terms required by law and by charging origination fees in excess of what was agreed upon.
3  The plaintiffs further assert that they have been damaged by this breach in the amount of $10,000.
4  The defendant has thus been provided adequate notice of the basis for this claim–that is, it has
5  allegedly breached the contract, at least in part, by charging higher origination fees than what was
6  agreed upon. As such, defendant's motion to dismiss the third claim is denied.

7  Alternatively, defendants ask this court to order the plaintiffs to submit a more definite
8  statement with regards to which contract and what terms were breached. Pursuant to Federal Rule
9  of Civil Procedure 12(e), a court may order the plaintiff to submit a more definite statement where
10 the pleading is "so vague or ambiguous that a party cannot reasonably prepare a response."

11 However, the Supreme Court has held that the plaintiffs' complaint is sufficient if, as here,
12 they gave "fair notice" of the claims and the grounds for those claims. *Tellabs, Inc. V. Makor Issues*
13 *& Rights, Ltds.*, 551 U.S. 319, 127 S.Ct. 2507 (2007).  Within the facts of the plaintiffs' complaint,
14 they assert that there were four contracts entered into between each plaintiff and the defendant, and
15 gave references to the provisions of the contracts that were allegedly breached.  Thus, they have
16 given fair notice to the defendant as to the basis of their claim for breach of contract, which is
17 sufficient to enable the defendant to prepare a response.  Any necessary facts regarding the alleged
18 contracts may be uncovered during discovery by the parties.

19 **Claim (4)–Breach of Good Faith and Fair Dealing**

20 In order to state a claim for breach of good faith and fair dealing, plaintiffs must establish
21 that: (1) plaintiffs and defendant were parties to an agreement; (2) the defendant owed a duty of good
22 faith to the plaintiffs; (3) the defendant breached that duty by performing in a manner that was
23 unfaithful to the purpose of the contract; and (4) the plaintiffs' justified expectations were denied.
24 *Perry v. Jordan*, 900 P. 2d 335, 338 (Nev. 1995). In Nevada, an implied covenant of good faith and
25 fair dealing exists in every contract, *Consol Generator-Nevada v. Cummins Engine*, 917 P. 2d 1251,
26 1256 (Nev. 1998), and plaintiffs may assert a claim for its breach if the defendant deliberately
27 contravenes the intention and spirit of the agreement. *Morris v. Bank Am. Nev.*, 886 P. 2d 454 (Nev.
28

**James C. Mahan**
**U.S. District Judge**

- 3 -

1 1994).

2 Plaintiffs allege that "the agreements entered into between [p]laintiffs and [d]efendants contained an implicit covenant of good faith and fair dealing requiring defendants to act honestly and in good faith in the performance and enforcement of the contract(s)." Further, plaintiffs contend that "[t]he conduct of the [d]efendant in failing to use its best efforts in obtaining a satisfactory loan where there was less chance of failure and within the standards of good underwriting practices and by intentionally misrepresenting material terms of the loan constitutes a breach of the covenant of good faith and fair dealing." (Doc. #1, compl., ¶ 80-81). However, a party cannot breach the covenant of good faith and fair dealing before a contract is formed. *See Larson v. Homecomings Fin., LLC,* 680 F. Supp. 2d 1230 (D. Nev. 2009). These allegations relate to events that took place during the origination of the loan. Therefore, this claim fails on the first prong of the four-part test because plaintiffs and defendant were not yet parties to an agreement. Accordingly, defendant's motion to dismiss is granted as to the fourth claim for relief.

**Claim (5)–Breach of Fiduciary Duty**

As both parties have noted, "a financial institution does not owe a duty of care to a borrower when the lender's involvement in the loan transaction does not exceed the scope of its conventional role as lender of money." *Velasquez v. HSBC Mortg. Serv.*, 2009 WL 2338852, *5 (D. Nev. July 24, 2009). Additionally, "the lender is under no duty to ensure the success of the borrower's investment." *Id.* Finally, "courts have repeatedly held that a lender owes no fiduciary duty to a borrower absent exceptional circumstances, such as when a special relationship exists between the two parties." *Larson v. Homecomings Fin., LLC*, 680 F. Supp. 2d 1230, 1234 (D. Nev. 2004).

The complaint alleges that agents of the defendant made visits to the homes of the plaintiffs in order to deliver the loan documents. As such, the plaintiffs argue that the defendant's agents formed a personal relationship with the plaintiffs. However, the mere allegation, presumed to be true, that the agents delivered loan documents to the homes of the plaintiffs, and invited them to a "banquet-style dinner," does not sufficiently demonstrate that the relationship between the defendant and the plaintiffs was an exceptional circumstance or the type of special relationship required to

**James C. Mahan
U.S. District Judge**

- 4 -

establish a fiduciary duty between borrower and lender. Therefore the defendant's motion to dismiss the fifth claim is granted.

### Claim (6) and (9)–Fraud in the Inducement; Negligent Misrepresentation

Any claim for fraud must be pled with particularity under Federal Rule of Civil Procedure 9(b). *Yourish v. Cal. Amplifier*, 191 F.3d 983, 993 (9th Cir. 1999). To meet this standard, plaintiffs must present details regarding the "time, place, and manner of each act of fraud, plus the role of each defendant in each scheme." *Lancaster Com. Hosp. V. Antelope Valley Hosp. Dist.*, 940 F.2d 397, 405 (9th Cir. 1991).

Here, the plaintiffs have alleged two claims of fraud that must meet the heightened standards of Rule 9(b) in order to survive; the sixth (6) for fraud in the inducement and ninth (9) for negligent misrepresentation. This court finds that they have not met that standard. The complaint asserts that the place where the alleged fraud occurred was within the homes of the plaintiffs at the times they negotiated and entered into their loan agreements. Plaintiffs allege that the manner in which they were deceived was by virtue of the failure of the defendant's agents to accurately represent or fairly portray the various risks associated with the reverse mortgages. Additionally, plaintiffs contend that the defendant's agents failed to disclose information that the agents knew or should have known would have resulted in the plaintiffs refusing to accept the terms of the loans.

This court finds that the plaintiffs have not alleged sufficient details to meet the heightened pleading requirements for fraud-based claims under Rule 9(b). The plaintiffs have not included details describing what was promised to them, by whom, or what the plaintiffs actually received with the requisite specificity. Accordingly, because plaintiffs have failed to provide adequate detail supporting these claims, the court dismisses claims six and nine.

### Claim (7)–Violation of 24 C.F.R. § 206.31

Plaintiffs allege that the defendant violated 24 C.F.R. § 206.31 when it charged origination fees that were in excess of what was agreed upon, and when those fees were in turn payed to mortgage brokers. Further, the complaint asserts that the defendant maintained a financial interest with the brokers within the meaning of 24 C.F.R. § 206.31. Under the relevant portion of that

James C. Mahan
U.S. District Judge

- 5 -

1  regulation, a mortgage broker's fee may not be included as part of the origination fee when there
2  is a financial interest between the mortgagee and the broker. Plaintiffs allege that this financial
3  interest did exist, and that they were charged excess origination fees in order to pay the brokers.
4        The defendant asks this court for an order for a more definite statement with regards to this
5  claim. Federal Rule of Civil Procedure 12(e) permits a motion for a more definite statement where
6  a claim is so vague or ambiguous that the defendant cannot reasonably prepare a response. Here,
7  because the defendant has been given sufficient notice as to the basis of this claim, defendant's
8  motion for a more definite statement with respect to claim seven is denied.

9        **Claim (8)–Deceptive Trade Practices**
10        Plaintiffs' eighth claim for relief alleges that the "defendant engaged in deceptive trade
11  practices by knowingly making false representations to [p]laintiffs in violation of NRS 598.0915 and
12  NRS 598.0923." (Doc. # 1, compl., ¶ 113). Again, plaintiffs have failed to provide sufficient details
13  to survive dismissal. Alleging that "the defendant advertised their services with the intent not to sell
14  them" is nothing more than a recitation of subsection 9 of NRS 598.0915. Formulaic recitation of
15  the elements of a claim will not suffice. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547
16  (2007). As such, plaintiffs' eighth claim for relief is dismissed.

17        **Claim (10)–Elder Exploitation (N.R.S. 41.1395)**
18        Plaintiffs' tenth claim for relief for elder exploitation under N.R.S. 41.1395 alleges that the
19  defendant "gained the trust and confidence of plaintiffs, who [d]efendant knew were all over 60
20  years old...[and] convert[ed] [p]laintiffs' property and money, though financed, with the intent to
21  permanently deprive [p]laintiffs of ownership, use, benefit, or possession of their property and
22  money, [and] depriv[ed] [p]laintiffs of the information about what their loan would actually cost."
23  (Doc. #1,compl., ¶ 128). The court agrees that the plaintiffs have sufficiently pled their claim for
24  relief for elder exploitation, and that the defendant has been given sufficient notice as to the basis
25  of the claim. Accordingly, the court denies the defendant's motion to dismiss the tenth claim.
26
27
28

**James C. Mahan**
**U.S. District Judge**

- 6 -

### Claim (11)–Quiet Title

An action to quiet title is an equitable proceeding in which a party seeks to settle a dispute over ownership of property or to remove a cloud upon his title to the property. *MacDonald v. Krause*, 77 Nev. 312, 317-18 (Nev. 1961). It is widely accepted that a party seeking a quiet title action must tender the amount due and owing to challenge the validity of a sale or title to the property. *See, e.g., Abdallah v. United Savings Bank*, 43 Cal. App. 4th 1101, 1109 (Cal. Ct. App. 1996). In essence, he who seeks equity must do equity. *See McQuiddy v. Ware*, 87 U.S. 14, 19 (1873). As plaintiffs concede that they have been unable to fulfill their payment obligations, they have not provided due tender. Therefore, plaintiffs' claim must be dismissed because they have not done equity. Accordingly, the eleventh claim for relief is dismissed.

### Claim (12)–Unjust Enrichment and Imposition of Constructive Trust

Unjust enrichment is a quasi-contract theory that allows the court to prevent "the unjust retention of money or property of another against fundamental principles of justice or equity and good conscience." *Asphalt Products Corp. V. All Star Ready Mix, Inc.*, 898 P. 2d 699, 701 (Nev. 1995). However, "an action for unjust enrichment is not available when there is an express, written contract, because no agreement can be implied when there is express agreement." *Leasepartners Corp. V. Robert L. Brooks Trust*, 942 P. 2d 182, 187 (Nev. 1997).

If the court determines that the loan agreements were, in fact, valid and enforceable contracts, then an express agreement would exist, and plaintiffs would not be able to recover under an unjust enrichment theory. However, it appears that at this point in the proceedings there is a dispute as to whether a valid agreement does exist. If the court determines that the loan agreements were, for whatever reason, unenforceable, then there is the possibility that an implied agreement exists in the alternative. Because additional discovery may be required, now is not the appropriate time for the court to make a determination on this issue.

Accordingly, the court denies defendant's motion to dismiss the twelfth claim for relief at this time.

**Request for leave to amend complaint**

Pursuant to Federal Rule of Civil Procedure 15, the court may give leave to amend when justice so requires. Local Rule 15-1 requires that the moving party attach a proposed amended pleading to any motion to amend. Because plaintiffs have failed to attach a proposed amended pleading, this court is not inclined to grant plaintiffs' requests for leave to amend.

Accordingly,

IT IS HEREBY ORDERED ADJUDGED AND DECREED that defendant BAC Home Loans Servicing LLP's motion to dismiss be, and the same hereby is, GRANTED in part and DENIED in part.

IT IS THEREFORE ORDERED that plaintiffs' 4th, 5th, 6th, 8th, 9th, and 11th claims be, and the same hereby are, DISMISSED without prejudice.

IT IS FURTHER ORDERED that defendant's motion for a more definite statement with respect to claims three, six, seven and twelve and the same hereby is, DENIED.

DATED June 17, 2011.

_____
UNITED STATES DISTRICT JUDGE